improperly sentenced for two separate offenses the lesser sentence controls. The law is to the contrary. (*People v. Stewart,* 45 Ill.2d 310, 259 N.E.2d 24.) The trial court correctly stated the law in his finding:

"It all depends on one's perspective. I think it would be just the opposite, the lesser would merge with the greater and the greater sentence would be imposed. And I think, therefore, that the motion to dismiss the petition will be allowed."

Court-appointed counsel also argues that merger operated as a matter of law and, since his sentence on aggravated battery was improper, he is entitled to relief because of the "prejudice necessarily inherent in the multiple sentences to his chances of parole." If the contention of court-appointed counsel is correct, then we would have the anomalous and unjust result that one improperly sentenced on one count, who does not raise the point through three appeals until the improper sentence was completed, would be entitled to immediate discharge, while the defendant properly sentenced under the same circumstances would be entitled only to such relief as the parole board deemed appropriate.

■■ While we observe, for whatever guidance our words may give the parole board, that the sentence for aggravated battery was improper, we conclude that the defendant is now incarcerated under a valid sentence for attempt murder. The petition for a writ of habeas corpus was properly denied, and the judgment of the circuit court is affirmed.

Judgment affirmed.

GOLDBERG and HALLETT, JJ., concur.

The People of the State of Illinois, Plaintiff-Appellee, *v.* Harvey O. Wright, Defendant-Appellant.

(No. 57473;

First District (1st Division)—September 10, 1973.

446

Opinion by Mr. JUSTICE GOLDBERG.

James J. Doherty, Public Defender, of Chicago, (Harold A. Cowen, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Jonathan B. Gilbert, Assistant State's Attorneys, of counsel,) for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM COLLINS, Defendant-Appellant.

(No. 58148;

First District (1st Division)—September 10, 1973.